IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-WR-65,213-01






EX PARTE VANTONETTE LARK JEFFERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-97-0069-BWHC1 IN THE 158TH DISTRICT COURT


FROM DENTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty on August 8, 1997
to aggravated assault and was sentenced to five years' imprisonment, probated for five years. On
March 2, 2001, Applicant's community supervision was revoked, and she was sentenced to five
years' imprisonment. Applicant's conviction was affirmed on direct appeal. Jefferson v. State, no.
02-01-00137-CR (Tex. App. - Ft. Worth, August 15, 2002, no pet.)

 Applicant contends that her trial and/or appellate counsel rendered ineffective assistance
because she heard nothing from counsel and did not know what to do after she was released on
appeal bond. According to Applicant, she was not aware of any further obligation arising from this
conviction until she was arrested on March 2, 2006, and began serving her sentence. There is
nothing in the habeas record to indicate what transpired after Applicant's release on appeal bond. 
 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide applicant's trial and/or appellate counsel with the opportunity to respond to Applicant's
claim of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to why Applicant did not begin to serve her five-year sentence at the time of sentencing, on March 2, 2001, or at the time her conviction was affirmed
on direct appeal, on August 15, 2002. The court shall make findings of fact as to whether the
performance of Applicant's trial and/or appellate attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



 

Filed: August 30, 2006

Do not publish